# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MARLON A. ADKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 3:09-CV-217 ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

This matter is before the Court on the Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, the application is **GRANTED**. An EAJA award of $7,958.00 **is awarded to Plaintiff, Marlon A. Adkins[1].**

DISCUSSION

A prevailing party in a civil action against the United States may be entitled to recover reasonable attorney fees under the EAJA if the court finds that (1) the plaintiff was a prevailing party; (2) a timely application for fees was filed with the court; (3) the position of the United States was not substantially justified; and

---

[1]The Supreme Court has recently decided in *Astrue v. Ratliff*, 2010 WL 2346547 (U.S., June 4, 2010), that any award of EAJA funds is to be made to the Plaintiff, not Plaintiff's counsel.

(4) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1); *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). The only issue that is contested by the parties is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of showing that his position was substantially justified, which must be done by showing that reasonable bases in both fact and law existed and that there was a reasonable connection between the facts alleged and the legal theory propounded. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir. 2000). The court takes into account both the pre-litigation and litigation conduct of the Commissioner but makes "only one determination for the entire civil action." *Conrad*, 434 F.3d at 990. Finally, the fact that the ALJ's decision was reversed and remanded in favor of plaintiff does not conclusively determine that the Commissioner's position was not substantially justified. *See Hallmark Construction Company*, 200 F.3d at 1079-80 quoting *Pierce*, 487 U.S. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose.")

The Commissioner notes that the Seventh Circuit has regularly found the Commissioner's position to be substantially justified

even though the ALJ's decision has been overturned because of a lack of articulation and cites *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992), along with other cases as authority. *See also Conrad*, 434 F.3d at 991-92; *Cunningham,* 440 F.3d at 865. Adkins properly points out however that *Stein* does not establish a *per se* rule. *Pierce*, 487 U.S. at 561-62.

In this case, this Court reversed the Commissioner's finding that Adkins was not disabled because the ALJ's credibility determination, adopted by the Commissioner, was inadequate. More specifically, this Court noted that the ALJ "relied on Adkins' mere engaging in basic activities of daily living as a basis to discredit his testimony regarding his symptoms" and that because "[t]here was enough evidence in the record suggesting that Adkins' ability to get adequate treatment was adversely affected by financial considerations that the ALJ should have inquired about Adkins' reason for failing to get counseling." (DE 32 at 16-18). Additionally, this Court found that "the ALJ should have included limitations in the use of foot controls in his hypothetical posed to the VE" and, as to limitations of concentration, persistence or pace, "because the ALJ's credibility determination was flawed, that error carries over to his hypothetical questioning." (DE 32 at 20-22). With regards to the hypothetical questioning, the Court noted that the errors may have been harmless. (DE 32 at 19-22).

The Seventh Circuit has well-established law on consideration of a claimant's daily living activities as an insight into credibility. *Simila v. Astrue*, 573 F.3d 503, 518 (7th Cir. 2009); *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *Craft v. Astrue*, 539 F.3d 668, 680 (7th Cir. 2008); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir.2006); *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). In reversing and remanding the ALJ's credibility determination, this Court found that the ALJ improperly credited Adkins' testimony about daily living activities while discrediting his testimony on the pain those activities produce. (DE 32 at 16). Although the ALJ could discredit a claimant's testimony due to participation in daily living activities, more evidence is required. The Commissioner, citing *Simila*, argued that "the ALJ reasonably determined that Plaintiff's ability to independently engage in a relatively wide range of daily living activities further reflected that his symptoms were not as disabling as alleged." (DE 30 at 15). The Commissioner's reliance on *Simila* was misplaced, as that case involves a claimant who helped built a log home, replaced a gas tank, attended traveling hockey tournaments, and hunted and fished during the time he claimed disability; facts far removed from Adkins' alleged activities of daily living, which consist of the ability to live alone, take care of his personal needs, cook, clean, do laundry, and get groceries.

Second, this Court found that the ALJ failed to follow his duty under SSR 96-7p and Seventh Circuit case law which requires that a claimant's testimony not be discredited for failure to seek or follow through on treatment without first considering or inquiring into other possible explanations for the infrequent or irregular medical visits or failure to seek medical treatment. *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir.2009); *Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009); *Craft*, 539 F.3d at 679. The Commissioner took the position that the record does not support Adkins' contention that he failed to seek treatment due to financial reasons. This Court found that, contrary to the Commissioner's arguments, there was evidence in the record that suggested financial considerations caused Adkins inability to seek adequate treatment, and the ALJ should have inquired as to Adkins' reason for failure to seek treatment. (DE # 32 pp. 17-18).

Finally, Adkins argued that the ALJ had inappropriately "played doctor" when he relied on the fact that Adkins had not been hospitalized for his mental problems to support his credibility determination. (DE # 32 p. 18). The Commissioner did not address this issue and this Court concurred with Adkins that the ALJ had improperly used this evidence in discrediting his testimony contrary to established Seventh Circuit case law. (Id.) *See Myles*, 582 F.3d at 677-78; *Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir. 2006); *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005);

*Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir.2000); *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) *cert. denied*, 502 U.S. 901 (1991) ("Common sense can mislead; lay intuitions about medical phenomena are often wrong.").

Ultimately the ALJ's decision, which was adopted by the Commissioner, was reversed and remanded because the ALJ's credibility determination failed to conform with Social Security Administration's guidelines as well as well-established case precedent. But there were problems with the ALJ's hypothetical questions too: (1) his hypotheticals failed to include limits on the use of foot controls, resulting in a finding that Adkins could perform the job of escort driver in clear contradiction of stated limits in the operation of foot controls, and (2) due to the ALJ's erroneous credibility determination, the ALJ failed to include limitations as to concentration, persistence and pace. Although this Court took the position that the error may be harmless, the Commissioner instead chose to argue that there was no error.

The fact that this Court indicated that "the facts of record *may* leave room for an ALJ to reach the conclusion ALJ Pope reached" does not render the Commissioner's position substantially justified. The Commissioner must defend the ALJ's decision as it is written, not a hypothetical ALJ decision that is not before the Court.

After reviewing the case as a whole, the Commissioner's positions, as well as the pertinent law, this Court finds that the Commissioner has not sustained his burden of demonstrating that his position was substantially justified. The Commissioner's position lacked a reasonable basis in both law and fact. Because the Plaintiff is a prevailing party, timely filed the instant application for fees, the fees requested are reasonable, and no special circumstances would make the award unjust, the instant motion is **GRANTED**.

CONCLUSION

For the reasons set forth above, the Application for Attorney Fees under the EAJA is **GRANTED**. An EAJA award of $7,958.00 **is awarded to Plaintiff, Marlon A. Adkins.**

**DATED: March 1, 2011**               /s/RUDY LOZANO, Judge
                                       **United States District Court**